# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) )  **Plaintiff,** ) ) v. ) ) WORK SERVICES, INC., ) ) **Defendant.** ) | Civil Action No._____ **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to a class of former employees with intellectual and developmental disabilities, and/or who were regarded as disabled, Leon Jones, Johnny Hickman, Jay Koch, John Koch, Carlos Morris, and Claude Wren, (collectively "aggrieved individuals") all of whom were adversely affected by such practices. Specifically, the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC" or "the Commission"), alleges that the Defendant, Work Services, Inc. ("Defendant" or "WSI") discriminated against the aggrieved individuals by subjecting them to non-payment of wages, discriminatory terms and conditions of employment and a hostile environment in violation of the ADA because they are disabled and/or regarded as disabled.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Page 1

*Plaintiff's Original Complaint*

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.

3.      Venue in the Columbia Division is appropriate pursuant to 42 U.S.C. §12117(a), which incorporates by reference 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Defendant, Work Services, Inc., continuously conducted business in Newberry County in the State of South Carolina, and had at least fifteen (15) employees at all relevant times.

6.      At all relevant times, Defendant, Work Services, Inc., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7.      At all relevant times, Defendant, Work Services, Inc., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**CONDITIONS PRECEDENT**

8. More than thirty days prior to the institution of this lawsuit, Leon Jones, through a representative third party, Protection and Advocacy for People with Disabilities, filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Work Services, Inc.

9. On May 4, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On July 28, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

12. At all relevant times, Leon Jones and the other aggrieved individuals have been qualified individuals with a disability covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et seq*.

13. Since at least December 2012, Defendant, Work Services, Inc., engaged in unlawful employment practices at its Newberry, South Carolina location, in violation of Title I of the ADA, 42 U.S.C. §§ 12101 *et seq*. These practices include the following:

a. Defendant Work Services, Inc. discriminated against Leon Jones and the other aggrieved individuals with regard to the terms, conditions and privileges of their employment based on their disabilities. This discriminatory treatment included, but was not limited to, the requirement as a term and condition of employment that they live in substandard living conditions in a makeshift "bunkhouse" located across the street from the plant where they

worked. The "bunkhouse" provided limited space and amenities for a large number of workers who shared the living space, lacked privacy, and was in disrepair. Leon Jones and the other aggrieved individuals were denied anywhere else to live. Non-disabled employees performing the same or similar work were not housed in substandard housing and had the choice to live elsewhere. In addition, Defendant placed restrictions on the aggrieved individuals' freedom of movement, communication and socialization, by providing only limited transportation, denying use of telephone communications, and imposing other constraints on social interaction with anyone other than the co-workers with whom they worked and lived every day. Non-disabled employees were not subjected to similar constraints.

    b.    Defendant, Work Services, Inc. discriminated against Leon Jones and the other aggrieved individuals with regard to their wages and benefits based on their disability. Specifically, Leon Jones and the other aggrieved individuals were discriminated against when Defendant paid them at a lower wage rate than non-disabled employees performing the same or similar work, did not pay them at all for work performed, and/or paid them wages which represented only a fraction of what they earned per month for fulltime or part-time work performed. Defendant was able to pay these unconscionable wages by taking advantage of the aggrieved individuals' vulnerability, which is directly related to their mental impairments and intellectual and developmental limitations. In addition, Defendant failed or refused to take the appropriate and necessary steps to ensure that the wages and other benefits belonging to Mr. Jones and the other aggrieved individuals were properly accounted for and were used by them or for their benefit.

    c.    Defendant Work Services, Inc. subjected Leon Jones and the other aggrieved individuals to a hostile work environment based on their disabilities. Specifically, Mr. Jones and

the other aggrieved individuals were often subjected to derogatory and humiliating name-calling by co-workers and managers, referring to them as "stupid", "retarded" or "dumb." The inequitable terms and conditions described in paragraph 13 above contributed to the hostile environment. Defendant failed to enact effective measures to cease, prevent and correct such harassment.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Leon Jones and the aggrieved individuals of equal employment opportunities and to otherwise adversely affect their status as employees because of their disability.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Leon Jones and the aggrieved individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, Work Services, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any employee because of disability or because they are regarded as disabled, by denying them pay or paying them discriminatory wages, by subjecting them to discriminatory terms and conditions of employment, by denying them their economic benefits, and by subjecting them to a hostile work environment. Further, to enjoin the Defendant from engaging in any other employment practice which discriminates on the basis of disability;

B. Order the Defendant, Work Services, Inc., to make whole Leon Jones and each of

the aggrieved individuals, Johnny Hickman, Jay Koch, John Koch, Carlos Morris and Claude Wren, by providing each of them their appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

       C.     Order Defendant, Work Services, Inc., and any successor employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to training all managerial, supervisory and non-supervisory employees regarding the ADA and posting notices regarding its compliance with the ADA. The EEOC seeks court and EEOC monitoring of Defendant's practices in the future with regard to its treatment of employees with disabilities;

       D.     Order Defendant, Work Services Inc., to make whole Leon Jones and each of the aggrieved individuals, Johnny Hickman, Jay Koch, John Koch, Carlos Morris and Claude Wren, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13, including, but not limited to their Social Security monetary benefits, any relocation expenses, job search expenses, medical expenses, and/or value of other sources of income and benefits in amounts to be determined at trial;

       E.     Order Defendant, Work Services, Inc., to make whole Leon Jones and each of the aggrieved individuals, Johnny Hickman, Jay Koch, John Koch, Carlos Morris and Claude Wren, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.  Order Defendant, Work Services, Inc., to pay Leon Jones and each of the aggrieved individuals, Johnny Hickman, Jay Koch, John Koch, Carlos Morris and Claude Wren, punitive damages for its malicious or reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 29th day of September, 2016.

Respectfully submitted:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Telephone: (214) 253-2750
Facsimile: (214) 253-2749
Email: robert.canino@eeoc.gov

<u>s/ Rachael S. Steenbergh</u>
RACHAEL S. STEENBERGH
South Carolina Federal Bar No. 10867
Trial Attorney
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**